IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

      v.                                                                                                  No. 5:24-cr-00062-MIS

CEASAR ENRIQUE MENDOZA and
ROBERT EDWARD EMBLY, a.k.a
"EDDIE",

    Defendants.

### ORDER ON UNITED STATES' OBJECTIONS TO DEFENDANT EMBLY'S WITNESS BETH MOHR

**THIS MATTER** is before the Court on Defendant Robert Edward Embly's Notice of Expert Witness Testimony, ECF No. 124, filed November 12, 2024. The United States filed an objection on November 25, 2024, based on sufficiency of the notice and, in the alternative, requested a *Daubert* hearing.[1] ECF No. 126. Defendant responded on December 10, 2024. ECF No. 141. A *Daubert* hearing was held on January 22, 2025.

Upon due consideration of the Parties' submissions, the record, testimony, and the relevant law, the Court will **SUSTAIN in part** and **OVERRULE in part** United States' objections to certifying Ms. Beth Mohr as an expert witness.

## I.    BACKGROUND

For the purposes of expediting this Order, the Court will assume the Parties' familiarity with the facts.

---

[1] The Court finds the United States' objections and motion to exclude based on either a Rule 16 violation or on *Daubert* is sufficient to have preserved their objection.

1

## II. STANDARD

Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) requires that the contents of an expert witness notice contain:

> 1. a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
> 2. the bases and reasons for them;
> 3. the witness's qualifications, including a list of all publications authored in the previous 10 years; and
> 4. a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

In *Daubert*, the Supreme Court "held that the Federal Rules of Evidence 'assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)).

Under the *Daubert* standard, the factors that may be considered in determining whether a proposed expert's methodology is valid are: (1) whether the theory or technique in question can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; (4) the existence and maintenance of standards controlling its

operation; and (5) whether it has attracted widespread acceptance within a relevant scientific community. *See Daubert*, 509 U.S. at 593. Under this framework, the proponent of expert testimony bears the burden of establishing that the proposed testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## III.   DISCUSSION

### A.  Rule 16

In his Notice of Expert Witness Testimony, Defendant Embly provides notice that he seeks to introduce the testimony of Ms. Beth Mohr as an expert in police practices. ECF No. 124 at 1. At the January 22, 2025, pre-trial hearing ("Hearing"), Defendant proffered her as an expert in the use of force, the duty to intervene, and medical aid after tasing. Attached to his disclosure, Defendant provided Ms. Mohr's curriculum vitae which included her certifications and education attained, work history, courses taught, list of publications, and list of prior testimony as a certified expert.

The Notice stated that Ms. Mohr is expected to testify to: law enforcement officers' duty to intervene and how status as a "non-certified law enforcement officer[] affects the duty to intervene"; the actions taken by Defendants and the "medical assistance Mr. Embly provided to John Doe once the officers transported [John Doe] to the police station and placed him in a holding cell"; "why the officers, including Mr. Embly, may have believed that John Doe was under the influence of some type of substance at the time of his arrest"; "about the practices and procedures that applied when interacting with John Doe after the trained K9 altered to the presence of narcotics"; "the duty to provide medical care to an individual after the taser has been deployed, . . . the different standards that exist to provide medical care when an officer deploys the tongs of the Taser, when the tongs of the Taser penetrate the skin, and when the Taser is used in drive-stun

mode"; and the lack of training provided to Mr. Embly by Jal Police Department. *Id.* at 1-2. The Notice provides a bibliography that Ms. Mohr relies upon, in combination with her experience and training, to form her expert opinions. *See id.* at 5-12.

The United States argues that the Notice does not provide a complete statement of Ms. Mohr's opinions and the bases and reasons for them, and in many cases the notice merely summarizes the topic of her testimony without articulating her opinion. ECF No. 126 at 2-3. Specifically, the statement on duty to intervene does not indicate any opinion, to what Ms. Mohr will testify, nor on what basis she relies. *Id.* Nor does her opinion on Defendants' actions and medical assistance provide an actual opinion or the basis for its support. *Id.* at 3-4. For similar reasons, United States objects to the paragraph describing that Ms. Mohr will testify to Jal policies and Defendant's efforts to comply. The United States also notes that her opinion is contrary to law because "the law makes no distinction about an officer's duty to intervene based on their rank." *Id.* at 3.

Defendant responds that his Notice complies with Rule 16 and is similar to expert notices that United States filed for experts related to law enforcement practices. ECF No. 141 at 1-4.

The Court initially finds that the disclosure provides insufficient notice under Rule 16. This insufficiency was only highlighted by the hearing. The methodology stated by Ms. Mohr is a review of materials provided by Defendant and applying her training, experience, and knowledge. However, her testimony has not shown that she has followed this methodology. Ms. Mohr stated that she had not reviewed all the records and that there were gaps in either her knowledge or in the materials provided. Because of the complete lack of Rule 16 notice hearing the Court was forced to determine what the proposed opinion was in real-time during the Hearing, in which Ms. Mohr was given an opportunity to describe and explain her proposed opinion. The Court will not

entertain further argument about what her expert opinion could be or any argument that nondisclosed opinions should be admitted. The insufficiency of the Notice is a Rule 16 violation, and as such, the proposed testimony in its entirety is excludible. Fed. R. Crim. P. 16(b)(1)(C)(iii).

### B. *Daubert*

The United States questions Ms. Mohr's opinions and the bases and reasons for them, specifically, her statement regarding the duty to intervene. ECF No. 141 at 2-3. The United States notes that her opinion on the duty to intervene is contrary to law because "the law make no distinction about an officer's duty to intervene based on their rank." *Id.* at 3. It also argues that Ms. Mohr's testimony on Defendants' actions leading up to the use of the Taser and request for medical assistance does not provide a reliable opinion or the basis for its support. *Id.* at 3-4. For similar reasons, the United States objects to the paragraph describing that Ms. Mohr will testify to Jal police department policies and Defendant's efforts to comply and use of force in connection therewith.

Defendant responds that all the testimony is largely admissible and that the duty to intervene here is similar to the standard used for claims on failure to intervene under § 1983. ECF No. 141 at 4-7. At the hearing Defendant argued that the duty to intervene varies depending on the status of the officer and whether the officer has a realistic chance to intercede. *United States v. Broussard*, 882 F.3d 104, 107 (5th Cir. 2018); *Figueroa v. Mazza*, 825 F.3d 89, 107 (2d Cir. 2016); *Segreto v. Kirschner*, 977 F. Supp. 553, 557 (D. Conn. 1997).

Regarding the duty to intervene, the Court finds Defendant's arguments unpersuasive and the cases relied upon easily distinguishable. In *Broussard*, the mention of rank is just in the brief background at the beginning of the opinion. Moreover, the defendant *pleaded guilty* to deprivation of rights based on failure to intervene and solely appealed his sentence. 882 F.3d at 107. In *Mazza*,

the court refers to "relative placement" but does not clearly mention rank. 825 F.3d at 107. And in any event, the court decided that for a short, twenty-second incident opportunity to intervene was for a jury to decide. Finally, in *Kirschner*, the court undertook a qualified immunity analysis on a § 1983 claim and concluded that, with the facts before it, the duty to intervene was not clearly established. 977 F. Supp. at 557. Ms. Mohr testified that efforts to intervene have different effects or outcomes based on the status of the officer. However, nothing in the authority relied upon supports Ms. Mohr's testimony or supports that difference in rank is a factor in determining an officer's duty to intervene.

Further, Ms. Mohr's proposed opinion on Defendant Embly's failure to intervene, his inability to understand that civil rights violation was occurring, is based on gaps she described in his training and training materials, but she admitted at the hearing that she has not reviewed all of Defendant's training material. Therefore, her methodology to arrive at this conclusion does not comport with *Daubert* and is inadmissible.

Defendant also argued at the Hearing that duty to intervene is related to opportunity to intervene and means to intervene. Ms. Mohr proffers that Defendant's rank and fact that he could be terminated interfere with his ability to intervene, but that is not sufficient under the law to form the basis of an excuse of lack of intervention. *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998); *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002). Instead, opportunity to intervene is a fact-specific argument that focuses on the officer's physical situation, in the time and place, not related to any hypothetical employment repercussions the officer may be concerned about. *See Figueroa v. Mazza*, 825 F.3d 89, 107-08 (2d Cir. 2016) ("Among [many] considerations, of course, the assault's duration will always be relevant and will frequently assume great importance. . . . The essential inquiry is whether, under the circumstances actually presented, an officer's failure to

intervene permits a reasonable conclusion that he became a 'tacit collaborator' in the unlawful conduct of another."); *see also Merrill v. Fell*, No. 23-7018, 2023 WL 8827665 (10th Cir. Dec. 21, 2023); *Chaney-Snell v. Young*, 98 F.4th 699, 722 (6th Cir. 2024); *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 52 (1st Cir. 2005). Because of the insufficiencies in her methodology or the material relied upon, nothing in the proposed testimony provided by Ms. Mohr establish that she could assist the trier of fact in determining whether Defendants had a reasonable opportunity to intervene. Therefore, the Court finds that Ms. Mohr's testimony related to duty to intervene is not reliable or relevant.

Regarding the medical aid after use of Taser, Ms. Mohr wants to opine that rendering medical aid after the use of taser one time does not necessitate medical intervention. While the Court is dubious that this is relevant based on the facts of the case, the Court will allow it because the United States noticed an expert who stated that they plan to testify that medical aid should be sought after one application of a Taser.

The Court finds that Ms. Mohr possesses the requisite experience to testify as an expert in whether to seek medical aid after a single use of a Taser based on her professional experience and training in law enforcement starting with the San Diego Police Department in 1985 and her statement that as part of her training she received training on the use of a Taser weapon. Fed. R. Evid. 702. She is qualified as an expert in the efforts to seek medical aid after the use of a Taser weapon. Ms. Mohr stated she can speak to the medical aid is recommended after deployment of a Taser weapon. In reaching her conclusions, Ms. Mohr reviewed the relevant reports, video of the incident, policies, current literature, and training materials, and applied her professional expertise to the facts of the case. The Court finds Ms. Mohr reliable to testify to this limited area related to whether medical aid should be sought after a single use of a Taser. The Court finds that Ms. Mohr's

testimony satisfies the requirements of Federal Rule of Evidence 702 as well as *Daubert*. Further, the Court does not find that the probative value of Ms. Mohr's testimony, as specified, would be substantially outweighed by its prejudicial value under Federal Rule of Evidence 403.

Regarding the use of force, the Court finds that nothing in Ms. Mohr's testimony in the *Daubert* Hearing that related to use of force warranted overcoming its exclusion based on the violation of Rule 16. Fed. R. Crim. P. 16(b)(1)(C)(iii). Further, to the extent that Defendant seeks to introduce any other testimony from Ms. Mohr, the Court finds that it is inadmissible. *Id.*

### IV.  CONCLUSION

For the foregoing reasons, United States' objection to Defendant Embly's expert witness, Beth Mohr, ECF No. 134, is **SUSTAINED in part** and **OVERRULED in part**.

.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE