**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:24-cr-00062-MIS

COREY PARTICK SAFFELL,
CEASAR ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,

Defendants.

**ORDER APPOINTING AMICUS CURIAE**

THIS MATTER is before the Court on the victim-advocate counsel's Motion for Appointment of Amicus Curiae, ECF No. 318, filed August 6, 2026. Upon review of the Motion, the record, and the relevant law, the Court will grant the Motion.

On February 24, 2025, Defendant Ceasar Enrique Mendoza and Defendant Robert Edwards Embly were convicted by jury verdict of criminal civil rights violations. Jury Verdict, ECF No. 245. Prior to sentencing, on August 5, 2026, the Government filed an unopposed Motion to Dismiss Pursuant to Federal Rule of Criminal Procedure 48(a) ("Motion"). ECF No. 312. On August 6, 2026, the Court held a hearing on the Government's Motion. Clerk's Min. of Hr'g of Aug. 6, ECF No. 319. Following the hearing, the victim-advocate counsel filed the instant motion

requesting the Court appoint an amicus curiae to "brief the merits" of the Motion since both the Defendant and Government are aligned in support. ECF No. 318 at 1.[1]

Federal Rule of Criminal Procedure 48(a) states that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint" and "[t]he government may not dismiss the prosecution during trial without the defendant's consent."

"Where, as here, nominal adversaries are aligned in their positions, 'precedent and experience have recognized the authority of courts to appoint an amicus to assist their decision-making . . . including in criminal cases and even when the movant is the government.'" *United States v. Adams*, 348 F.R.D. 408, 409 (S.D.N.Y. 2025) (citing *In re Flynn*, 973 F.3d 74, 81 (D.C. Cir. 2020)). "The Supreme Court appoints an amicus to argue a case about once a year, . . . often in situations where the government does not oppose the position advanced by its adversary." *United States v. Blaszczak*, 56 F.4th 230, 259 (2d Cir. 2022) (Sullivan, J., dissenting) (citations omitted).

Amici were appointed in similar cases where the Government moved to dismiss under Rule 48(a). *See e.g., United States v. Fokker Servs. B.V.*, 818 F.3d 733, 740 (D.C. Cir. 2016); *Adams*, 438 F.R.D. at 4-5; *United States v. Flynn*, No. CR 17-232 (EGS), 2020 WL 2466326, at *1 (D.D.C. May 13, 2020), *vacated as moot sub nom. In re Flynn*, 961 F.3d 1215 (D.C. Cir. 2020), *reh'g en banc granted, order vacated*, No. 20-5143, 2020 WL 4355389 (D.C. Cir. July 30, 2020), *and on reh'g en banc*, 973 F.3d 74 (D.C. Cir. 2020).

[1] The victim-advocate counsel recommended Mark Baker be assigned as amicus curiae. Mot. at 5-6, ECF No. 318. While the Court is appointing a different amicus curiae, the Court appreciates the suggestion and is grateful to Mr. Baker for his willingness to serve. Mr. Baker would be an excellent choice and the Court will consider him in the future if other circumstances arise warranting an amicus curiae.

The Court finds an amicus curiae is similarly appropriate here and would assist the Court by presenting "powerful statements on both sides of the question," *United States v. Cronic*, 466 U.S. 648, 655 (1984) (citation omitted), as is normally the case under "adversarial testing," *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

The Court therefore appoints John Anderson as the amicus curiae to present arguments in opposition to the Government's Motion to Dismiss. The amicus curiae shall address:

1. The legal standard for leave to dismiss an indictment under Rule 48(a);
2. Whether and in what circumstances an indictment may be dismissed after a jury verdict under Rule 48(a) given the absence of language in Rule 48(a) pertaining to dismissal after trial;
3. Whether, and to what extent, a court may consider materials other than the Rule 48(a) motion itself;
4. If the Court may consider other materials, whether acts extraneous to the case have impermissibly affected the Government's decision to file this Motion;
5. Under what circumstances, if any, additional procedural steps and/or further inquiry would be appropriate before resolving a Rule 48(a) motion;
6. Whether, if leave is granted, dismissal is warranted for all counts;
7. Under what circumstances, if leave is granted, dismissal should be with or without prejudice;
8. If leave were denied under Rule 48(a), what practical consequences would follow, including whether dismissal would nevertheless be appropriate or necessary under other rules or legal principles (e.g., for "unnecessary delay" under Rule 48(b) or under

speedy trial principles, *see United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie*, 453 F. Supp. 462, 463 (S.D.N.Y. 1978)); and

9. Any other issues the parties or amicus consider relevant to the Court's resolution of the Government's motion.

Accordingly, it is **HEREBY ORDERED** that John Anderson is **APPOINTED** as amicus curiae.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE